```
IN THE UNITED STATES DISTRICT COURT FOR THE
          EASTERN DISTRICT OF OKLAHOMA
```

PATSY ANN GARCIA,              )
                               )
            Plaintiff,         )
                               )
v.                             )     Case No. CIV-14-422-RAW-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

## REPORT AND RECOMMENDATION

Plaintiff Patsy Ann Garcia (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on November 7, 1961 and was 52 years old at the time of the ALJ's decision. Claimant obtained her GED. Claimant has worked in the past as a short order cook, sales clerk, garment inspector, waitress, cashier, deliverer, children's institution attendant, and poultry eviscerator. Claimant alleged an inability to work beginning January 14, 2011 due to limitations

resulting from a bulging disc, deteriorating spine, high blood pressure, irregular heartbeat, walking problems, and anxiety.

## Procedural History

On November 18, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On February 6, 2013, an administrative hearing was conducted by Administrative Law Judge ("ALJ") Bernard Porter in McAlester, Oklahoma. The ALJ entered an unfavorable decision on March 29, 2013. The Appeals Council denied review on August 1, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work. He also concluded Claimant could perform light work with limitations at step five.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing reach a proper and supported mental RFC; (2) failing to properly consider

Claimant's allegations of disabling pain; and (3) failing to consider Claimant's strong work history in his credibility findings.

**Mental RFC Assessment**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease of the lumbar spine; obesity; hypertension; and depressive disorder. (Tr. 269). The ALJ concluded that Claimant retained the RFC to perform her past relevant work as a cashier II. (Tr. 275). He also assessed Claimant's RFC to permit her to perform a range of light work except she must be able to alternate between sitting and standing at lest every 30 minutes; she can never crawl or climb ladders or scaffolds; she must avoid work around unprotected heights, moving mechanical parts and temperature extremes. The ALJ found Claimant could perform routine, repetitive tasks. (Tr. 271).

After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform her work as a cashier II which is classified by the *Dictionary of Occupational Titles* ("DOT") as light, skilled work with an SVP of 2. (Tr. 275). In his step five analysis, the ALJ found Claimant could perform the representative jobs of arcade attendant, parking lot attendant, and small products assembler. (Tr. 276-77). As a result, the ALJ found Claimant was

5

not disabled from January 14, 2011 through the date of the decision. (Tr. 277).

Claimant contends the ALJ erred by reaching a flawed mental RFC. In his supportive RFC findings, the ALJ determined Claimant suffered from depressive disorder which represented a severe impairment. (Tr. 269). He also concluded Claimant had a moderate difficulties with concentration, persistence, or pace. (Tr. 271). However, in his RFC, the only mental limitation was one stating Claimant was capable of performing "routine, repetitive tasks." Id.

On this issue, this Court finds the reasoning in the unpublished case cited by Claimant, Umbenhower v. Colvin, 2015 WL 1470494 at 4 (D.Kansas) wherein the Court found

> The case law is clear that when the ALJ finds a moderate difficulty in maintaining, concentration, persistence and pace, or gives great weight to a medical opinion with that limitation, a limitation in the RFC to simple, routine, repetitive and unskilled tasks fails to clearly relate or incorporate the moderate impairment.

Id.

The ALJ has provided no explanation for the failure to incorporate the moderate limitation on concentration, persistence, or pace in his RFC evaluation. On remand, the ALJ shall either accommodate this finding in his RFC or provide a clear explanation as to why he did not include the limitation in Claimant's RFC.

6

**Consideration of Claimant's Pain**

Claimant contends the ALJ failed to properly consider the disabling nature of her pain. The ALJ largely bases his discrediting of Claimant's allegations of disabling pain on a lack of consistency with the medical evidence. (Tr. 275). He then recited the evidence he considered in relation to Claimant's degenerative disc disease. He noted that physical examinations demonstrated Claimant had a normal gait, strength, and range of motion on several occasions. (Tr. 273). The ALJ also acknowledged the examination in January of 2012 by Dr. Ronald Schatzman, a consultative examiner, wherein he found Claimant objectively showed full range of motion of the spine, negative straight leg raising, stable gait, and the lack of necessity for an ambulatory assistive device. (Tr. 273-74). While the evidence clearly shows Claimant suffers from degenerative changes in her spine, it does not objectively demonstrate the level of disabling pain asserted by Claimant.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such,

will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ expressly considered the factors related in the case of Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987) in evaluating Claimant's credibility. In Luna, the Tenth Circuit established "if an impairment is reasonably expected to produce *some* pain, allegations of *disabling* pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence." Id. at 164. The ALJ considered the relevant evidence

in the record in light of Claimant's testimony. This Court attributes no error to this analysis.

**Consideration of Claimant's Work History**

Claimant contends the ALJ failed to consider her long work history in assessing her credibility. Certainly, Claimant's work history should be considered by the ALJ in assessing credibility. It is not apparent from the ALJ's decision that he did so. On remand, the ALJ should incorporate Claimant's positive work history into his credibility considerations.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 9th day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE